Wu v. Lynch

BIA
Poczter, IJ
A205 220 772

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
>  *Circuit Judges.*

_____

YUXIAN WU,
>  *Petitioner,*

v.                                                14-3617
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:        Corey T. Lee, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General;
                       Jennifer Williams, Senior
                       Litigation Counsel; Lindsay W.

Zimliki, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuxian Wu, a native and citizen of China, seeks review of an August 29, 2014, decision of the BIA affirming a June 25, 2013, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuxian Wu,* No. A205 220 772 (B.I.A. Aug. 29, 2014), *aff'g* No. A205 220 772 (Immig. Ct. N.Y. City June 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). The applicable standards of review are

2

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Wu's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on the plausibility of an asylum applicant's account and inconsistencies in his statements and evidence, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Wu claimed that he had been persecuted in China because he attended an underground Christian church; he also claimed that he was a practicing Christian and attended church in the United States.  Substantial evidence supports the agency's adverse credibility determination, based on the inconsistencies between Wu's testimony and that of his witnesses.  Wu testified

3

that the Sunday prior to his hearing, he had attended a morning service with his cousin. However, Wu's cousin had been in China for the past two months, and did not return until Sunday afternoon. He was visiting China because his grandmother and his cousin, who was Wu's brother, had both recently passed away. The IJ reasonably rejected Wu's explanation for the inconsistency – he thought the question was whether his cousin went to Wu's baptism – given the several questions Wu was asked about his church attendance and the clarity of the trial attorney's final question on the issue. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Wu testified that although he lived with his cousin, he did not know that his cousin had traveled to China, much less why. The IJ found it implausible that Wu would not know that his cousin and housemate had been in China for the past two months, in part because of the death of Wu's brother. The IJ's finding was reasonable, given the inherent implausibility in Wu's statements. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

4

Wu's claim to be a practicing Christian was further undermined by his second witness, who testified that he and Wu met at a supermarket in Flushing in November 2011. Wu testified that they met at a bible study group a month earlier.

Because Wu and his witnesses testified inconsistently, and Wu's testimony was, in part, implausible, substantial evidence supports the agency's findings. Moreover, although the inconsistencies do not go to Wu's claim of past persecution, the inconsistencies and implausibility reasonably support an inference that he is not credible. "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination" including those that "concern matters collateral or ancillary to the claim" as long as a totality of the circumstances establishes that the applicant is not credible. *Xiu Xia Lin*, 534 F.3d at 167; *see Siewe*, 480 F.3d at 170 ("a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence"). Here, the inconsistencies and implausibility, considered cumulatively, provide substantial evidence for the agency's adverse credibility finding, based on a totality of the circumstances, as they call into question Wu's practice of

5

Christianity as well as his general truthfulness.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Because the only evidence of a threat to Wu's life or freedom depended on his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6